UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELEVELE LLC and ANDREW HUNT,<br><br>   *Plaintiffs,*<br><br>v.<br><br>HARVEST ENTERPRISES, INC.,<br><br>   *Defendant.* | Case No.  1:19-cv-04990<br><br>Honorable Thomas M. Durkin |

**DEFENDANT'S MOTION TO STAY PLAINTIFFS' DECLARATORY ACTION**

Defendant, Harvest Enterprises, Inc. ("Harvest"), by and through its attorney, Tetzlaff Law Offices, LLC, hereby files its Motion to Stay Plaintiffs' Declaratory Action ("Motion to Stay") pending resolution of its coercive action pending in the United States District Court for the District of Arizona.

**INTRODUCTION**

The above-captioned action, filed by Plaintiffs on July 24, 2019, seeks merely declaratory relief in contrast to the action for injunctive relief, specific performance, breach of implied covenant of good faith and fair dealing, and declaratory relief filed by Harvest in the United States District Court for the District of Arizona ("District of Arizona") on July 26, 2019 (Case No. 19-cv-4831-PHX-DJH). This present action was filed by Plaintiffs only one day after Harvest advised Elevele that it would be proceeding sue Elevele in court to enforce the Membership Interest Purchase Agreement between the parties. *See* Exhibit A, attached hereto.

Harvest has filed a Motion for Both Preliminary and Temporary Injunctive Relief in the District of Arizona on August 5, 2019, a copy of which is attached hereto as Exhibit B. The

1

District of Arizona is hearing Harvest's case pursuant to Mandatory Initial Discovery Pilot, and has already entered a scheduling order in the case. *See* Exhibit C, attached hereto. Harvest now brings its Motion to Stay Plaintiffs' Declaratory Action so that all of the issues between these parties can be heard in a case in which complete and coercive relief is being sought.

Where parallel cases involve a declaratory judgment action and a mirror-image action seeking coercive relief, priority is given to the coercive action, regardless of which case was filed first. *See Research Automation, Inc.*, v. *Schrader-Bridgeport International, Inc*., 626 F.3d 973, 980, 982 (7th Cir. 2010). Harvest's action encompasses not just Plaintiffs' action for declaratory relief, but also seeks to resolve all issues between the parties.

As set forth more fully below, ordering a stay in this proceeding will promote the interests of justice and judicial economy by streamlining the proceedings and avoiding the unnecessary burden of duplicative litigation on both the parties and the court.

## ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (U.S. 1936). Indeed, the Seventh Circuit has advised that "a district court has an ample degree of discretion in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation." *See Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995). In determining whether to implement such a stay, courts weigh the following factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *See Genzyme Corp. v. Cobrek Pharm Inc.*,

2011 WL 686807 at *1 (N.D.Ill. Feb. 17, 2011); *Tap Pharm. Prods., Inc. v. Atrix Labs., Inc.*, 2004 WL 422697 at *1 (N.D. Ill. Mar. 3, 2004).

Importantly, although Harvest's action was filed second, the Seventh Circuit does not adhere to a strict first to file rule. *See Trippe Mfg. Co.*, 46 F.3d at 629. Rather, the Seventh Circuit declines to adhere to a first to file rule when the interests of justice so require, as in the case of an improper anticipatory filing or to avoid duplicative litigation. *See Schwartz v. National Van Lines, Inc.*, 317 F. Supp.2d 829, 833 (N.D. Ill. 2004); *Trippe Mfg. Co.*, 46 F.3d at 629.

I. **The Interests of Justice and Judicial Economy Warrant a Stay in the Present Action.**

    a. **Harvest Seeks Coercive and Complete Relief in Federal Action in Arizona**

When two similar actions are filed, the general rule favors the forum of the first-filed suit. *MLR, LLC v. U.S. Robotics Corp.*, No. 02-c-2898, 2003 WL 685504 *1 (N.D. Ill. Feb. 26, 2003); *Barrington Group, Ltd. v. Genesys Software Systems, Inc.*, 239 F.Supp.2d 870, 873 (E.D.Wis.2003)(citing *Warshawsky & Co. v. Arcata Nat. Corp.*, 552 F.2d 1257, 1263 (7th Cir.1977)). Under this "first to file" rule, district courts normally stay or transfer a federal suit "for reasons of wise judicial administration ... whenever it is duplicative of a parallel action already pending in another federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir.1993).

However, unlike the Ninth Circuit, the Seventh Circuit does not rigidly adhere to a first to file rule. *See Trippe Mfg. Co.*, 46 F.3d at 629. Second-filed actions may proceed where favored by the interests of justice. *Tempco Elec. Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746, 749-50 (7th Cir. 1987).

3

Harvest's action seeks a coercive remedy of damages and injunctive relief rather than just declaratory relief. The Seventh Circuit has made clear that where parallel cases involve a declaratory judgment action and a mirror-image action seeking coercive relief, priority is given to the coercive action, regardless of which case was filed first. *See Research Automation, Inc.*, v. *Schrader-Bridgeport International, Inc.*, 626 F.3d 973 (7th Cir. 2010); *Trippe Manufacturing Co. v. American Power Conversion Corp.*, 46 F.3d 624 (7th Cir. 1995).

In *Research Automation*, the Seventh Circuit clarified that the first-to-file factor is not dispositive, but rather just another factor to be considered in a transfer analysis under 28 U.S.C. § 1404. *Research Automation*, 626 F.3d at 982. In *Trippe*, the Seventh Circuit affirmed the district court's dismissal of a first-filed declaratory action in favor of a later filed suit seeking preliminary injunction. *Trippe*, 46 F.3d at 629. In its holding, the court specifically noted that it was not an abuse of the district court's discretion to dismiss this action in order to "discourage duplicative litigation." *Id*.

Here, Harvest has filed a Complaint seeking coercive relief, as well as a Motion for Temporary Restraining Order/Preliminary Injunction against Plaintiffs. Although Plaintiffs' Complaint for declaratory relief was filed first, the interests of justice require that this Court avoid duplicative litigation by deferring to the District Court for the District of Arizona, which will have all of the issues between the parties before it, including those present in this action brought by Plaintiffs.

### b. Plaintiffs' Declaratory Action is an Improper Anticipatory Filing

Courts have departed from a first to file rule where one party files its lawsuit in anticipation of an impending suit by the other party. *See Schwartz v. National Van Lines, Inc.*, 317 F. Supp.2d 829, 833 (N.D. Ill. 2004). Declaratory judgment actions brought in the face of

4

clear threats of suit and seeking determinations that no liability exists will be closely scrutinized as potentially improper anticipatory filings if the other party proceeds to file. *Barrington*, 239 F.Supp.2d at 873, (citing *Warshawsky & Co. v. Arcata Nat. Corp.,* 552 F.2d 1257, 1263 (7th Cir.1977)).

Here, Plaintiffs suit for declaratory relief was filed the day after Plaintiffs' attorney was notified by Harvest's general counsel that Harvest would be seeking legal recourse in the courts related to the termination notice served by Plaintiffs. See Ex. A. This can be seen as an anticipatory filing in the face of a clear threat of litigation, and as an attempt to trump Harvest's choice of forum. Therefore, the interests of justice prevent Defendants from invoking the first to file rule here.

    **c.**    **The Factors Weigh in Favor of Implementing a Stay in this Proceeding**

In addition to the above, the factors that courts consider in deciding to stay an action weigh in favor of doing so.

First, it cannot be said that entering such a stay will unduly prejudice Plaintiffs here. Plaintiffs' declaratory action is part of Harvest's coercive action, and resolution of Harvest's action is resolution of Plaintiffs' action. Plaintiffs face no prejudice from a stay in this matter.

Moreover, entering a stay in this case will simplify the issues and streamline the trial in this matter. The declaratory issue as it exists between the parties will be determined by the District Court for the District of Arizona at the same time as the other claims between the parties. This will result in a much faster resolution of the issues between the parties.

Finally, it can hardly be disputed that a stay would preserve the resources of the parties and reserve the burden of litigation on the court. The court has an obligation to avoid duplicative litigation. *See Pfizer Inc. v. Apotex Inc,* 640 F.Supp.2d 1006 (N.D. Ill. 2009). Allowing this

declaratory action to proceed is almost certainly guaranteeing the parties to appear and testify multiple times, both here and in the action in Arizona. In addition, allowing the action to proceed here presents a risk of conflicting decisions by the courts involved. By entering a stay in this declaratory action and allowing the action to proceed in its entirety in the District of Arizona, this court minimizes the risk that the District of Arizona's findings on this matter in its entirety will conflict with its own on the narrow declaratory action claim.

## CONCLUSION

     For the reasons stated above, Harvest respectfully requests this Court enter an Order staying this action pending resolution of its coercive action pending in the United States District Court for the District of Arizona.

Dated: August 6, 2019

                                                          Respectfully submitted,
                                                          Harvest Enterprises, LLC

                                                          By: /s/ Theodore R. Tetzlaff

Theodore R. Tetzlaff (ARDC #2812177)
Tetzlaff Law Offices, LLC
227 W. Monroe St., Suite 3650
Chicago, IL 60606
(312) 574-1000 (T)
(312) 574-1001 (F)
ttetzlaff@tetzlafflegal.com
Firm No. 49772

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 6, 2019, copies of the foregoing documents were served on the parties below via CM/ECF and through electronic mail:

Kenneth J. Vanko
Clingen Callow & McLean, LLC
2300 Cabot Drive, Suite 500
Lisle, Illinois 60532
(630) 871-2600
vanko@ccmlawyer.com

                                                  /s/ Olivia M Urso